UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 04-44-DCR |
| ) | Civil Action No. 6: 06-459-DCR |
| V. ) | |
| ) | |
| RICHARD DAVID THORNTON, ) | **ORDER** |
| ) | |
| Defendant/Petitioner. ) | |

*** *** *** ***

This matter is before the Court for consideration of Defendant/Petitioner Richard David Thornton's *pro se* motions to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 106]  In addition, the Plaintiff/Respondent United States has filed a motion to dismiss [Record No. 108] to which Thornton has replied.  Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge filed his Recommended Disposition on May 25, 2007.  [Record No. 111]  Based on his review of the record and the applicable law, the Magistrate Judge recommended that Thornton's motion be denied and that the United States' motion be granted.  Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual

-1-

or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On July 26, 2004, Thornton entered a guilty plea to conspiring to possess with intent to distribute 1000 kilograms or more of marijuana. In his plea agreement with the United States, Thornton waived his right to appeal and collaterally attack his guilty plea, conviction and sentence. The Court reviewed all the relevant terms of the plea agreement with Thornton at the re-arraignment hearing on July 26, 2004, and Thornton asserted that he understood all the terms of the agreement and the rights that he was giving up. At the conclusion of the hearing, the Court found that Thornton was competent to enter his plea and that he did so knowingly and voluntarily.

Based on the record and the applicable law, it is clear that Thornton made an "informed and voluntary" waiver of his right to appeal and attack collaterally his guilty plea, conviction and sentence. Accordingly, his claim that the waiver is unenforceable because the Court made a misstatement concerning the waiver provisions *at sentencing*, more than five months later, is without merit. *See United States v. Fleming*, 239 F.3d 761, 765 (6th Cir. 2001) ("[O]nce an appeal waiver is established to be knowing and intelligent, the waiver may not be held

unenforceable because of a district court's erroneous statements at a subsequent proceeding.") *(citing United States v. One Male Juvenile*, 1997 WL 381955, at \*4)  (4th Cir. July 11, 1997)).

Further, there is absolutely no evidence to support an assertion of ineffective assistance of counsel in this matter.  Thornton claims that his counsel misadvised him as to the application of the sentencing guidelines and coerced him into entering a plea.  However, this Court thoroughly reviewed the potential application of the sentencing guidelines and other factors at the time of re-arraignment and established that Thornton's plea was knowing and voluntary. Therefore, any misunderstanding that Thornton claims that he had as a result of a conversation with his counsel *before sentencing* is irrelevant to whether he knowingly and voluntarily entered his guilty plea *at the re-arraignment*.  *See also Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (holding that a trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea).

As the Magistrate Judge concluded in his Recommended Disposition, Thornton knowingly and voluntary waived his right to appeal and collaterally attack his guilty plea, conviction and sentence, and his remaining claims are without merit.  Accordingly, it is

**ORDERED** as follows:

1.　The Magistrate Judge's Recommended Disposition [Record No. 111] is **ADOPTED** and **INCORPORATED** herein by reference.

2.　Defendant/Petitioner Richard David Thornton's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 225  [Record No.106] is **DENIED**.

3. The Plaintiff/Respondent United States' motion to dismiss [Record No. 108] is **GRANTED**;

4. A Certificate of Appealability shall not issue because Defendant/Petitioner Thornton has not made a substantial showing of the denial of any substantive constitutional right;

5. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 12th day of June, 2007.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge